Daniel J. Palay, SBN 159348
djp@palaylaw.com
Brian D. Hefelfinger, SBN 253054
brian@palaylaw.com
**PALAY LAW FIRM**
121 North Fir Street, Suite "F"
Ventura, CA 93001
Telephone: (805) 641-6600
Facsimile: (805) 641-6607

Attorneys for Plaintiff Kevin Monaghan

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KEVIN MONAGHAN, an Individual,

Plaintiff,

vs.

TELECOM ITALIA SPARKLE OF NORTH AMERICA, INC., a New York Corporation; and DOES 1 through 100, inclusive,

Defendants.

**CASE NO: CV13-00646-ABC-PLA**

**~~[PROPOSED]~~ JUDGMENT ON SPECIAL VERDICT AND DAMAGES AWARDED BY THE COURT**

District Judge: Hon. Audrey B. Collins
Courtroom: Dept. 680

**TRIAL OF THE MATTER:**
May 27-30, 2014

This action came on regularly for a jury trial commencing on May 27, 2014, in Courtroom 680 of the United States District Court, the Honorable Audrey B. Collins presiding. Plaintiff was represented by Daniel Palay and Brian Hefelfinger, and defendant was represented by Michael Purcell and Antonio Valla.

A jury of eight (8) persons was impaneled and sworn. After hearing the evidence and arguments of counsel, and after the jury was instructed by the Court, the claims were submitted to the jury with instructions to return a special verdict.

**JURY VERDICT**

The jury deliberated and thereafter returned into Court with its special verdict consisting of questions submitted to the jury and the answers given thereto by the jury, which said verdict was in words and figures as follows, to wit:

"We, the jury, answer the questions submitted to us as follows:

1. Has Plaintiff Kevin Monaghan proven by a preponderance of the evidence that Defendant TISNA owes him wages or benefits that it has not paid?

____X__ Yes _______No

If your answer to Question 1 is YES, answer Questions 2 and 3. If your answer to Question 1 is No, skip Questions 2, 3, and 4 and answer Question 5.

2. What amount of unpaid wages and benefits, if any, did Plaintiff Kevin Monaghan prove, by a preponderance of the evidence, Defendant TISNA owes him?

$335,000.00

3. Has Plaintiff Kevin Monaghan proven by a preponderance of the evidence that Defendant TISNA willfully failed to pay any of these wages owed at the time of his termination?

_______Yes ___X___No

If you answer to Question 3 is YES, Answer Question 4. If your answer to Question 3 is NO skip Qustion 4 and Answer Question 5.

4. What amount of penalties do you award Plaintiff Kevin Monaghan (up to thirty days' wages) for Defendant TISNA's failure to pay?

$____________________ (intentionally unanswered)

/ / /

5. Has Plaintiff Kevin Monaghan proven by a preponderance of the evidence that TISNA willfully misclassified Monaghan as an "independent contractor?"

___X___Yes ______No

If your answer to Question 5 is YES, Answer Question 6. If you answer to Question 5 is NO, skip Question 6 and answer Question 7.

6. What amount of penalties do you award to the State of California Workforce Development agency as a result of this willful misclassification?

$ 7,500.00

7. Has Plaintiff Kevin Monaghan proven by a preponderance of the evidence that there was a causal link between Monaghan's complaints of illegal conduct (i.e. misclassification and the failure to pay wages owed) and his termination from TISNA?

___X___Yes ______No

If your answer to Question 7 is YES, Answer Question 8. If your answer to Question 7 is NO skip the remaining questions and please sign and return the verdict form.

8. Has Defendant TISNA proven, by clear and convincing evidence, that it would have terminated Kevin Monaghan on or about June 7, 2012 for legitimate, independent reasons even if he had not made the complaints of misclassification or the failure to pay wages?

______Yes ___X__No

If your answer to Question 8 is YES, please sign and return this verdict form. If your answer to Question 8 is NO, please answer Questions 9 and 10.

/ / /

/ / /

9. What amount of damages, if any, did Plaintiff Kevin Monaghan prove by a preponderance of the evidence as a result of this wrongful termination?

a. Past Economic Loss: $252,729.00

b. Future Economic Loss: $609,153.00

c. Non-economic Loss: $0.00

10. Has Plaintiff Kevin Monaghan proven by clear and convincing evidence that TISNA, through its agents, Roberto Migliozzi or Joseph Rubino or Vincent Suppa, terminated or ratified the termination of Mr. Monaghan with malice, oppression, or fraud?

______Yes __X__No

Dated: May 30, 2014

/s/____________________

Foreperson

**DAMAGES AWARDED BY THE COURT**

In addition to the special verdict of the jury, on July 22, 2013 the Court partially granted Plaintiff's motion for summary judgment and awarded Plaintiff the following damages:

1) PAGA penalties for a violation of *California Labor Code* section 432 in the amount of $100.00.
2) PAGA penalties for violations of *California Labor Code* section 226 in the amount of $5,250.00.
3) PAGA penalties for violations of *California Labor Code* section 212 in the amount of $2,400.00.
4) Transportation costs awarded pursuant to *California Labor Code* section 201 in the amount of $516.00.

/ / /

5) Reimbursement for Wire Transfer Costs plus interest in the amount of $611.00.

6) Taxes awarded in the amount of $13,327.60.

7) The unpaid portion of a "canvass bonus" owed to Plaintiff, awarded in the amount of $2,606.75.

8) *California Labor Code* section 226 penalties of $4,000.00 for a violation of *California Labor Code* section 226.

9) The Court also found that Defendant had engaged in unfair business practices in violation of *California Business & Professions Code* section 17200.

## ***LABOR CODE*** **SECTION 226.8 COMPLIANCE**

In addition, and as the jury has determined that Defendant has engaged in the willful misclassification of the Plaintiff, *California Labor Code* section 226.8(e) requires this Court to issue an order that the Defendant display prominently on its Internet website, in an area which is accessible to all employees and the general public, a notice that sets forth the following:

1. That the court has found that the Defendant, Telecom Italia Sparkle of North America, Inc., has committed a serious violation of the law by engaging in the willful misclassification of employees.
2. That the employer has changed its business practices in order to avoid committing further violations of this section.
3. That any employee who believes that he or she is being misclassified as an independent contractor may contact the Labor and Workforce Development Agency. The notice shall include the mailing address, email address and telephone number of the agency.
4. That the notice is being posted pursuant to this order.
5. That an officer shall sign this notice and it shall be posted for one year commencing with the date of the final decision and order.

Pursuant to *Labor Code* section 226.8, the Defendant is ordered to comply with this order immediately, and to provide proof to the court of its compliance within thirty (30) days of this order.

WHEREFORE, and by virtue of the law, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Plaintiff KEVIN MONAGHAN shall recover the total sum of $1,233,193.35 against TELECOM ITALIA SPARKLE OF NORTH AMERICA, INC., a New York Corporation, together with costs pursuant to the cost memorandum, attorney's fees and additional costs pursuant to the motion for attorney's fees and costs to be filed herein, and interest at the legal rate.

**SO ORDERED.**

DATED: June 13, 2014

United States District Court Judge

Prepared by:

*/s/ Daniel J. Palay*
DANIEL J. PALAY
Attorney for Plaintiff
Kevin Monaghan

APPROVED AS TO FORM AND CONTENT BY:

*/s/ Michael Purcell*
MICHAEL PURCELL
Attorney for Defendant
Telecom Italia Sparkle of North America, Inc.