UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KEVIN MONAGHAN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>TELECOM ITALIA SPARKLE OF NORTH AMERICA, INC., et al.,<br><br>　　　　　　　Defendants. | CASE NO.: CV 13-00646 ABC (PLAx)<br><br>ORDER **DENYING** DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW, OR, IN THE ALTERNATIVE, FOR A NEW TRIAL |

Pending before the Court is Defendant Telecom Italia Sparkle of North America's ("Defendant" or "TISNA") Renewed Motion for Judgment as a Matter of Law, or in the Alternative Motion for New Trial ("Motion," docket no. 124). Plaintiff Kevin Monaghan ("Plaintiff" or "Monaghan") filed an Opposition, and Defendant filed a Reply. The Court will resolve the Motion without oral argument and therefore **VACATES** the hearing set for August 11, 2014. For the following reasons, the Court **DENIES** the Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 30, 2014, a jury returned a verdict largely in favor of Plaintiff on his claims against his former employer Defendant for unpaid wages, for wilfully misclassifying him, and for wrongful termination. <u>See</u> Special Verdict (docket no.114). Defendant moves for judgment as a matter of law that Plaintiff was not entitled to a commission "accelerator" or "muliplier" as part of his compensation, and that Plaintiff was not entitled to a "commission." Defendant moves in the alternative for a new trial on the ground that submitting these issues to the jury unfairly prejudiced it.

## II. LEGAL STANDARDS

A motion under Rule 50(b) challenges the sufficiency of the evidence presented at trial to support the prevailing party's case. Judgment as a matter of law following a jury verdict is proper "if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's." <u>Vollrath Co. v. Sammi Corp.</u>, 9 F.3d 1455, 1460 (9th Cir. 1993). Judgment as a matter of law is improper if there is substantial evidence to support the jury's verdict. <u>See</u> <u>Transgo, Inc. v. Ajac Transmission Parts, Corp.</u>, 768 F.2d 1001, 1014 (9th Cir. 1985). "'Substantial evidence' is admissible evidence that reasonable minds might accept as adequate to support a conclusion." <u>Davis v. Mason County</u>, 927 F.2d 1473, 1486 (9th Cir. 1991). In considering a motion under Rule 50, the court does not assess the credibility of witnesses, and does not "weigh the evidence, but [instead] draws all factual inferences in favor of the nonmoving party." <u>Landes Constr. Co. v. Royal Bank of Canada</u>, 833 F.2d 1365,

1371 (9th Cir. 1987); Lytle v. Household Mfg., Inc., 494 U.S. 545, 554 (1990).  The "standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'"  Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000) (internal citation omitted).  Finally, the court may not substitute its judgment of the facts for the judgment of the jury.  Tennant v. Peoria & Pekin Union Ry. Co., 321 U.S. 29 (1944).

A motion under Rule 59(a) asks the Court to "grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Under Rule 59(a), the Court has discretion to grant a new trial "if the verdict appears. . . to be against the weight of the evidence."  Gasperini v. Center for Humanities, 518 U.S. 415, 433 (1996).  "A new trial is warranted where the verdict is contrary to the clear weight of the evidence and the verdict results in the miscarriage of justice."  City Solutions, Inc. v. Clear Channel Comms., 365 F. 3d 835, 843 (9th Cir. 2004).

### III.  DISCUSSION

**A.  Defendants' Motion for Judgment as a Matter of Law is DENIED.**

Defendant argues that whether Plaintiff was entitled to commissions and a commission multiplier were purely matters of contract interpretation that the Court should have decided and that should not have gone to the jury.  Of course, not every matter surrounding contract interpretation is beyond the jury's purview.  However, the Court need not delve into that issue because, for the reasons stated below, Defendant was not prejudiced by the jury's handling of these questions in any event.

The Court also notes that despite Defendant's vehemence in its Reply that the Court erred by allowing the jury to decide whether to award Plaintiff a commission multiplier and commissions, it was Defendant who insisted that this entire case be tried to the jury even after Plaintiff withdrew its demand for a jury trial. See Final Pretrial Conference Order (docket no. 95), ¶ 4 ("Plaintiff contends that the trial is a bench trial as the Defendant has never requested a jury trial. The Defendant contends that the trial should be a jury trial as Plaintiff made a valid demand for jury trial [that TISNA] relied on . . . TISNA does not consent to [Plaintiff's] withdrawal of the Demand."). Furthermore, Defendant never raised these issues in any way prior to trial – whether in a motion for summary judgment or a motion in limine – but instead first raised them in the middle of trial, after Plaintiff presented all of his evidence. Although a Court makes every effort to rule correctly regardless of when an issue is raised, and although no rule compels counsel to move to resolve such matters before trial, certainly good practice and common sense dictate that the parties ensure that issues of law that can be decided before trial, are decided before trial after appropriate briefing. Litigants do this by filing motions before trial. The Court cannot speculate whether Defendant's failure to raise these issues before trial was the result of inadvertence or of strategy. Either way, the result is a kind of ambush. Under the circumstances, Defendant's vehement claims of error and prejudice ring hollow – both in light of Defendant's litigation conduct and in substance.

### 1. There Is No Evidence that the Jury's Damages Award Included a Commission Multiplier.

Defendant asks the Court to rule as a matter of law that Plaintiff was not entitled to a commission multiplier because the parties' written employment Agreement did not provide for that component of compensation, and Plaintiff did not present evidence that the written Agreement was modified to provide it. Regardless what Defendant's argument is, its Motion is moot because the jury's damages award did not apply a commission multiplier.

Plaintiff's damages expert presented two sets of damage calculations: one including a commissions multiplier (the left-hand column), and another <u>not</u> including a commissions multiplier (the right-hand column). <u>See</u> Palay Decl. Exh. A (trial Exh. 3, table summarizing Plaintiff's expert's damage calculations). The jury's damage award for past economic loss and future economic loss due to wrongful termination are the exact same amounts Plaintiff's damage expert arrived at <u>not</u> including a commissions multiplier. <u>Compare</u> Special Verdict 9, <u>with</u> Palay Exh. A, right-hand column titled "Penalties and Earnings Values Not Including Commissions Multiplier" (both state damages of $252,729 for past economic loss, and $609,153 for future economic loss, due to wrongful termination).

The amount the jury awarded Plaintiff for losses due to misclassification ($335,000) does not appear anywhere on Plaintiff's expert's chart, so it is not immediately obvious how the jury determined that amount. The jury's award is more than what Plaintiff's expert calculated was due in penalties, reimbursements, and losses excluding commissions multiplier and residual commissions ($176,765), although the jury award equals this amount doubled and

rounded to the nearest $5,000. Despite this lack of certainty as to how the jury arrived at its award for misclassification, there is no reason to believe that the jury would have applied a commission multiplier in its calculation of damages for misclassification when it did not include a commission multiplier for its calculation of damages for wrongful termination. This is because a commission multiplier would apply to damages arising out of both claims in the same way: either it would have applied to damages arising out both claims, or would not have applied to damages arising out of either claim. It would make no sense for the jury to apply the multiplier to damages based on one claim when it didn't do so for damages based on the other claim. It is clear that the jury did not apply a commission multiplier to damages for wrongful termination, so the logical inference is that they did the same thing with damages due to misclassification, that is, that they not apply a commission multiplier. Certainly Defendant has not presented any interpretation of the Special Verdict Form that suggests the jury applied the commission multiplier to either claim. To the contrary, it appears that the jury carefully considered the damages evidence and deliberately chose to deny Plaintiff a commission multiplier.

Because the most reasonable interpretation of the Special Verdict leads to the conclusion that the jury decided that Plaintiff was not entitled to a commission multiplier, Defendant's Motion asking the Court to rule as a matter of law that Plaintiff is not entitled to a commission multiplier is moot. The Motion is **DENIED** on that basis

## 2. The Jury Was Presented Substantial Evidence Upon Which to Award Plaintiff "Commissions."

Defendant argues that no evidence supports the conclusion that the quarterly payments it made to Plaintiff were "commissions" as that term is defined by California Labor Code § 204.1. That section states that "Commission wages are compensation paid to any person for services rendered in the sale of such employer's property or services and based proportionately upon the amount or value thereof." Cal. Lab. C. § 204.1. Defendant states that the trial evidence showed that the payments in issue were fixed at $16,250, and were paid quarterly if Plaintiff exceeded a sales quota. Defendant also contends that the evidence shows that the amount of the payment ($16,250) was the same regardless of how much Plaintiff exceeded the sales quota. As such, these payments were not "based proportionately upon the amount or value" of sales, and are therefore not properly characterized as commissions. Rather, this compensation was a bonus or an incentive payment.

Defendant does not explain why the difference between characterizing these payments as commissions or as bonuses or incentive payments matters. Defendant appears to admit by inference that it owed Plaintiff a quarterly payment of $16,250 if he exceeded the sales quota. Defendant does not argue that Plaintiff was not entitled to these payments, only that they should not be deemed "commissions." Defendant does not explain why this distinction matters. Thus, Defendant has not explained how it has been prejudiced by the jury's consideration of whether to award these payments, whether they are called commissions or something else.

The Court, however, assumes the problem has to do with so-called

"residual commissions," which are payments due after the initial commission payment is made. Presumably, an employer must make such on-going payments if the employee's compensation is a "commission," but not if it is a bonus or incentive payment. Based on the Special Verdict form, it does not appear that the jury awarded Plaintiff residual commissions. For Plaintiff's wrongful termination claim, the jury awarded the exact amounts Plaintiff's expert opined were due for past losses and future losses ($252,729 and $609,153, respectively). The expert's chart includes an additional figure for "present value, future loss of residual commissions" for wrongful termination ($471,074), but nothing like this amount appears on the Special Verdict. Similarly, for the misclassification claim, Plaintiff's expert opined that Defendant owed Plaintiff either $1,130,654 or $565,327 for residual commissions at termination, but no such figure appears on the verdict form. Although, as noted above, it is not entirely clear how the jury arrived at its award ($335,000) for the misclassification claim, the most reasonable inference is that it did not include residual commissions (1) because the award is far lower that it would have been had the jury awarded the amount Plaintiff's expert calculated for residual commissions, and (2) because the jury's damage award for wrongful termination clearly does not include an award for residual commissions, it would have been inconsistent for the jury to include an award for residual commissions for the misclassification claim.

Defendant's position is unavailing for another reason. To summarize, although Defendant's Sales Agent Agreement repeatedly characterized the payments as "commissions," and although Defendant's CEO testified that he understood the payments to be "commissions" and

described them to Plaintiff as such, see Opp'n 10:7-11:9 (quoting Sales Agent Agreement and trial testimony), Defendant now contends that these payments did not comport with the California Labor Code's definition of "commission" because they were a fixed amount and that therefore they should not be characterized as "commissions."

California law incorporates the canon of contract interpretation *contra proferentem*, stating that, "In case of uncertainty . . . the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist." Cal. Civil Code § 1654. Here, Defendant's Sales Agent Agreement repeatedly refers to these quarterly payments as "commissions." Similarly, Defendant's CEO told Plaintiff they were commissions. Any confusion created by Defendant's use of the word "commission" to describe payments that it now argues did not strictly satisfy the Labor Code's definition of that term should not accrue to its own benefit and to the detriment of Plaintiff, who relied on Defendant's own characterization of them as commissions and understood the payments to be commissions. Thus, had the jury awarded residual commissions, the Court would have upheld that decision as consistent with the parties' contract and as well-supported by the evidence.[1]

**B.  Defendants' Alternative Motion for a New Trial is DENIED.**

A party moving for judgment as a matter of law under Rule 50(b) may also move in the alternative for a new trial under Rule 59(a).

---

[1]  This ruling is of little practical effect because, as noted above, the difference between calling the payments "commissions" and calling them "bonuses" seems to be that the former triggers an obligation on Defendant's part to pay Plaintiff "residual commissions" while the latter does not. As noted, it appears that the jury did not award residual commissions.

Grounds for a new trial under Rule 59(a) include: (1) that the verdict is against the clear weight of the evidence, (2) that the damages are excessive, or (3) that the trial was unfair, either in light of substantial errors in the admission or exclusion of evidence, or erroneous instruction of the jury. See <u>Murphy v. City of Long Beach</u>, 914 F.2d 183, 187 (9th Cir. 1990); 11 Charles Alan Wright, et al., Federal Practice and Procedure: Civil 2d § 2805 <u>et. seq.</u> (1995). A motion under Rule 59 is committed to the district court's sound discretion. See <u>Weisgram v. Marley Co.</u>, 528 U.S. 440 (2000) (discussing court's discretion in ruling on new trial motion; <u>Allied Chemical Corp. v. Daiflon, Inc.</u>, 449 U.S. 33 (1980); <u>Metromedia Co. v. Fugazy</u>, 983 F.2d 350 (2d Cir. 1992). The burden of proof on a new trial motion rests on the moving party. <u>Anglo-American Gen. Agents v. Jackson Nat. Life Ins. Co.</u>, 83 F.R.D. 41, 43 (N.D. Cal. 1979).

Defendant argues that a new trial should be granted on the ground that it was prejudiced because the Court allowed the jury to decide whether to award Plaintiff "commissions" and a commission multiplier instead of deciding these questions as a matter of law. As noted above, the jury decided the commission multiplier question in Defendant's favor. As for whether the quarterly payments were "commissions," the only prejudice Defendant could have suffered by allowing the jury to determine this issue is that the jury could have awarded residual commissions. As noted above, the jury declined to award residual commissions. Insofar as the jury might have deemed the quarterly payments "commissions," such a determination was well supported by the evidence. Defendant's vague argument that allowing these matters to go before the jury harmed its credibility and "the jury's perception of the positions of each party would have been

considerably different," Mot. 18:7-10, is rebutted by the jury's Special Verdict itself, because the jury did not blindly award Plaintiff everything he sought and in fact decided some issues in Defendant's favor. Defendant has not shown prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion in its entirety.

**IT IS SO ORDERED.**

**DATED:    July 30, 2014**

_____
**AUDREY B. COLLINS**
**UNITED STATES DISTRICT JUDGE**