Daniel J. Palay, SBN 159348
Brian D. Hefelfinger, SBN 253054
djp@calemploymentcounsel.com
**PALAY & HEFELFINGER**
1484 E. Main St., Suite 105-B
Ventura, CA 93001
Telephone: (805) 628-8220
Facsimile: (805) 765-8600

Attorneys for Plaintiff Kevin Monaghan

Michael Purcell, Esq. (SBN 229506)
michael.purcell@vallalaw.com
VALLA & ASSOCIATES, INC., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
Telephone: 415.856.9001

Attorneys for
Telecom Italia Sparkle of North America, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MONAGHAN, an Individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TELECOM ITALIA SPARKLE OF NORTH AMERICA, INC., a New York Corporation; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | **CASE NO:** 2:13-cv-00646 DSF (PLAx)<br><br>**AMENDED JUDGMENT ON SPECIAL VERDICT AND DAMAGES AWARDED BY THE COURT**<br><br>District Judge: Hon. Dale S. Fischer<br>Courtroom: Dept. 840<br><br>**TRIAL OF THE MATTER:**<br>May 27-30, 2014 |

1

[PROPOSED] AMENDED JUDGMENT ON SPECIAL VERDICT AND FINDINGS OF THE COURT

This action came on regularly for a jury trial commencing on May 27, 2014, in Courtroom 680 of the United States District Court, the Honorable Audrey B. Collins presiding.  Plaintiff was represented by Daniel Palay and Brian Hefelfinger, and defendant was represented by Michael Purcell and Antonio Valla.

A jury of eight (8) persons was impaneled and sworn.  After hearing the evidence and arguments of counsel, and after the jury was instructed by the Court, the claims were submitted to the jury with instructions to return a special verdict.

## JURY VERDICT

The jury deliberated and thereafter returned into Court with its special verdict consisting of questions submitted to the jury and the answers given thereto by the jury, which said verdict was in words and figures as follows, to wit:

"We, the jury, answer the questions submitted to us as follows:

1. Has Plaintiff Kevin Monaghan proven by a preponderance of the evidence that Defendant TISNA owes him wages or benefits that it has not paid?

_____X__ Yes _____No

If your answer to Question 1 is YES, answer Questions 2 and 3.  If your answer to Question 1 is No, skip Questions 2, 3, and 4 and answer Question 5.

2.  What amount of unpaid wages and benefits, if any, did Plaintiff Kevin Monaghan prove, by a preponderance of the evidence, Defendant TISNA owes him?
    $335,000.00

3. Has Plaintiff Kevin Monaghan proven by a preponderance of the evidence that Defendant TISNA willfully failed to pay any of these wages owed at the time of his termination?

_____Yes ___X____No

If you answer to Question 3 is YES, Answer Question 4. If your answer to Question 3 is NO skip Question 4 and Answer Question 5.

4. What amount of penalties do you award Plaintiff Kevin Monaghan (up to thirty days' wages) for Defendant TISNA's failure to pay?

$_____ (intentionally unanswered)

5. Has Plaintiff Kevin Monaghan proven by a preponderance of the evidence that TISNA willfully misclassified Monaghan as an "independent contractor?"

\_\_\_X\_\_\_Yes _____No

If your answer to Question 5 is YES, Answer Question 6. If you answer to Question 5 is NO, skip Question 6 and answer Question 7.

6. What amount of penalties do you award to the State of California Workforce Development agency as a result of this willful misclassification?

$ 7,500.00

7. Has Plaintiff Kevin Monaghan proven by a preponderance of the evidence that there was a causal link between Monaghan's complaints of illegal conduct (i.e. misclassification and the failure to pay wages owed) and his termination from TISNA?

\_\_\_X\_\_\_Yes _____No

If your answer to Question 7 is YES, Answer Question 8. If your answer to Question 7 is NO skip the remaining questions and please sign and return the verdict form.

8. Has Defendant TISNA proven, by clear and convincing evidence, that it would have terminated Kevin Monaghan on or about June 7, 2012 for legitimate, independent reasons even if he had not made the complaints of misclassification or the

failure to pay wages?

_____Yes \_\_\_X\_\_No

If your answer to Question 8 is YES, please sign and return this verdict form. If your answer to Question 8 is NO, please answer Questions 9 and 10.

9. What amount of damages, if any, did Plaintiff Kevin Monaghan prove by a preponderance of the evidence as a result of this wrongful termination?

    a. Past Economic Loss: $252,729.00

    b. Future Economic Loss: $609,153.00

    c. Non-economic Loss: $0.00

10. Has Plaintiff Kevin Monaghan proven by clear and convincing evidence that TISNA, through its agents, Roberto Migliozzi or Joseph Rubino or Vincent Suppa, terminated or ratified the termination of Mr. Monaghan with malice, oppression, or fraud?

_____Yes \_\_X\_\_No

Dated: May 30, 2014                    /s/_____

                                                  Foreperson

## DAMAGES AWARDED BY THE COURT

In addition to the special verdict of the jury, on July 22, 2013 the Court partially granted Plaintiff's motion for summary judgment and awarded Plaintiff the following damages:

1) PAGA penalties for a violation of *California Labor Code* section 432 in the amount of $100.00.

2) PAGA penalties for violations of *California Labor Code* section 226 in the amount of $5,250.00.

3) PAGA penalties for violations of *California Labor Code* section 212 in the amount of $2,400.00.

4) Transportation costs awarded pursuant to *California Labor Code* section 201 in the amount of $516.00.

5) Reimbursement for Wire Transfer Costs plus interest in the amount of $611.00.

6) Taxes awarded in the amount of $13,327.60.

7) *California Labor Code* section 226 penalties of $4,000.00 for a violation of *California Labor Code* section 226.

8) The Court also found that Defendant had engaged in unfair business practices in violation of *California Business & Professions Code* section 17200.

## REMITTITUR

Following the Appeal of this matter by the Defendant, the parties agreed to the remitter proposed by the Ninth Circuit Court of Appeals, which reduced the total damages awarded by $160,841.75 to $1,072,351.60. Following judgment, the Court awarded attorney fees and costs as follows:

1) Costs are awarded in the amount of $13,586.00.

The Court awarded attorney fees and the parties stipulated to post-appeal costs as follows:

2) Attorney fees are awarded to Plaintiff in the amount of $112,669.50.[1]

3) The parties also stipulate to an award of post-appeal costs to Plaintiff in the amount of $1,248.50.

## *LABOR CODE* SECTION 226.8 COMPLIANCE

In addition, and as the jury has determined that Defendant has engaged in the willful misclassification of the Plaintiff, *California Labor Code* section 226.8(e) requires this Court to issue an order that the Defendant, as it does not have an Internet

---

[1] Plaintiff intends to appeal the fee award (ECF No. 194) and in consenting to the form of this judgment does not waive any such rights.

Web Site, display prominently in an area that is accessible to all employees and the general public in its New York offices, a notice that sets forth the following:

1. That the court has found that the Defendant, Telecom Italia Sparkle of North America, Inc., has committed a serious violation of the law by engaging in the willful misclassification of employees.
2. That the employer has changed its business practices in order to avoid committing further violations of this section.
3. That any employee who believes that he or she is being misclassified as an independent contractor may contact the Labor and Workforce Development Agency.  The notice shall include the mailing address, email address and telephone number of the agency.
4. That the notice is being posted pursuant to this order.
5. That an officer shall sign this notice and it shall be posted for one year commencing with the date of the final decision and order.

Pursuant to *Labor Code* section 226.8, the Defendant is ordered to comply with this order immediately, and to provide proof to the court of its compliance by filing a copy of the signed notice and photograph of the displayed notice, within thirty (30) days of this order.

WHEREFORE, and by virtue of the law, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Plaintiff KEVIN MONAGHAN shall recover the total sum of $1,199,855.60 against TELECOM ITALIA SPARKLE OF NORTH AMERICA, INC., a New York Corporation, and interest at the federal rate of 0.11% per annum, which is $2,985.57, as of December 23, 2016.

**SO ORDERED.**

DATED: January 11, 2017

_____
Dals S. Fischer
United States District Judge

APPROVED AS TO FORM AND CONTENT BY:

 /s/ Daniel J. Palay
DANIEL J. PALAY
Attorney for Plaintiff
Kevin Monaghan


 /s/ Michael Purcell
MICHAEL PURCELL
Attorney for Defendant
Telecom Italia Sparkle of North America, Inc.


SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Mr. Daniel J. Palay, counsel for Plaintiff Kevin Monaghan, and that I have obtained Mr. Mr. Palay's authorization to affix his electronic signature to this document.

 /s/ Michael P. Purcell
Michael P. Purcell
Valla & Associates, Inc., P.C.
Attorneys for Defendant